Citation Nr: 1703138 
Decision Date: 02/02/17 Archive Date: 02/15/17

DOCKET NO. 10-13 725A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to reentrance into a vocational rehabilitation services program under Chapter 31 of Title 38 of the United States Code.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

R. Kipper, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 1981 to July 1985.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a determination in January 2010 by the Department of Veterans Affairs (VA) Vocational Rehabilitation and Employment Division (VR&E) in Columbia, South Carolina.

This claim was previously before the Board in January 2014 and June 2016, at which time it was remanded for additional development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In his April 2010 substantive appeal, the Veteran requested a videoconference hearing before a Veterans Law Judge; however, no such hearing was scheduled. Accordingly, the Board remanded the claim in January 2014 and directed the RO to schedule the Veteran for a videoconference hearing before the Board at the local RO. However, as noted by the Board in its June 2016 remand, the RO did not schedule a hearing, so the Board again remanded the claim for the scheduling and provision of a Board hearing. 

In a letter dated on July 20, 2016, the Veteran was informed that a videoconference hearing had been scheduled for him on September 7, 2016. The Veteran did not appear for the hearing. However, on September 8, 2016, the Veteran's representative submitted a statement requesting that the hearing be rescheduled because the Veteran mistakenly thought the hearing was scheduled for September 8, 2016. Additionally, in a November 2016 Appellant's Brief, the Veteran's representative reiterated that the Veteran "was confused and thought the hearing was on September 8th, rather than September 7th," noted that the Veteran was "able and willing" to report for a hearing, and again requested that the Veteran's hearing be rescheduled. 

If a veteran fails to appear for a hearing, a motion for a new hearing date following a failure to appear for the scheduled hearing must be in writing, must be filed within 15 days of the originally scheduled hearing date, and must explain why the Veteran failed to appear for the hearing and why a timely request for a new hearing date could not have been submitted. 38 C.F.R. § 20.704 (d). The determination as to whether good cause is shown is made by the Board. 38 C.F.R. § 20.704 (c). 

Here, the Veteran's written motion for a new hearing date was timely, and the Board finds the Veteran has presented good cause for not attending his scheduled hearing in September 2016. The Veteran has not since withdrawn his request for a new hearing; rather, he reiterated his request that his hearing be rescheduled. Thus, in order to afford the Veteran due process and the opportunity to appear for a hearing, a remand of his appeal is again necessary to afford him the requested hearing before the Board can proceed with further appellate consideration. 38 C.F.R. §§ 20.700(a), 20.704(a).
.
Accordingly, the case is REMANDED for the following action:

Contact the Veteran and schedule a videoconference hearing at the local RO before a Veterans Law Judge of the Board. A copy of the letter notifying the Veteran of the scheduling of the hearing should be placed in the record and a copy should be sent to his representative. If the Veteran withdraws the hearing request or fails to report for the scheduled hearing, the case should be returned to the Board for the purpose of appellate disposition.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).